**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO: 3:98-cr-50-MOC-8**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **PAUL MONROE COVINGTON, JR.** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. (Doc. No. 716). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc. Also pending is Defendant's Motion to Appoint Counsel, (Doc. No. 712), filed before Defendant filed the pending motion through counsel.

**I.     Background**

In December 1998, Defendant was found guilty in this Court of one count of violating 21 U.S.C. §§ 841 and 846 by conspiring to possess cocaine base with the intent to distribute. The indictment alleged that the offense involved "a quantity" of cocaine base, and the jury did not make any special findings as to the particular quantity of cocaine base involved in the offense. See (Doc. No. 716-1: Def. Ex. 1). This Court applied the enhanced statutory penalties of 21 U.S.C. § 841(b)(1)(A), which at the time dictated a statutory penalty range of 10 years to life and a minimum supervised-release term of five years for offenses involving 50 grams of cocaine base or more. See (PSR at ¶ 73, 76).

Before sentencing, the Probation Office calculated a guidelines range of life imprisonment. (Id. at ¶ 74). The guidelines range was mandatory at that time, so the Court

imposed a life sentence. Later, after the Sentencing Commission passed Amendment 706 to retroactively lower the guidelines ranges for crack-cocaine offense, Defendant's offense level dropped from 43 to 41, producing a guidelines range of 360 months to life. See (Doc. No. 576). The Court sentenced Defendant to 360 months. (Id.).

Several years later, the Sentencing Commission further lowered the drug guidelines in Amendments 750 and 782. The Probation Office filed a Supplemental PSR, recognizing that Defendant's offense level had dropped by three more levels in light of Amendment 782, for a total offense level of 38. (Doc. No. 707). However, because Defendant had a criminal history category of level VI, Defendant still faced a guidelines range of 360 months to life and was, thus, ineligible for a reduced sentence under Amendment 782. (Id.).

When Defendant was charged and sentenced, the penalties for his offense were driven by Congress's decision in the Anti-Drug Abuse Act of 1986 to punish crack cocaine offenses 100 times more harshly than powder cocaine offenses, disproportionately impacting African-American defendants. To lessen this disparity, Congress passed the Fair Sentencing Act of 2010, Pub. L. 111-220. Section 2 of the Act increased the quantity of cocaine base required to trigger Section 841's enhanced penalties by raising the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." These changes reduced the 100:1 ratio to an 18:1 ratio. Also, Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to people sentenced before the Act's passage.

On December 21, 2018, the First Step Act of 2018 was enacted, giving retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See Pub. L. 115-135 (2018), § 404. Defendant filed the pending motion through counsel on February 27, 2020,

arguing that this Court should exercise its discretion to impose, under the First Step Act, a reduced sentence of time served and a supervised release term of three years. The Government has filed a response, in which the Government agrees that Defendant is entitled to relief under the First Step Act and that the Court should impose the sentence and term of supervised release requested by Defendant.

**II.     Discussion**

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction. Second, if the person is eligible, the court must exercise its discretion to determine whether to reduce the defendant's sentence and, if so, by how much. In doing so, the court must consider the Section 3553(a) factors, including the applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation.

First, the parties agree that, in light United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019), the Defendant was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction. Furthermore, the Government states in its response that it does not oppose the reduction of Defendant's sentence to time served.[1] After considering the arguments made in support of the motion, Defendant's positive institutional record, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant is eligible for a sentence reduction and that such a reduction is warranted in this case. Accordingly, the Court enters the following Order:

---

[1] The Supplemental PSR in this case states that the revised guideline range based on the First Step Act is 240 months in prison with three years of supervised release, and Defendant has served 292 months of BOP credited time in imprisonment. See (Doc. No. 717 at 2). The Government agrees with these calculations in its response.

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. No. 716) is **GRANTED**, and the Court hereby orders that Defendant's term of imprisonment is reduced to **TIME SERVED**.

**(2)** Defendant's pro se Motion to Appoint Counsel, (Doc. No 712), is **DENIED** as moot.

**(3) IT IS FURTHER ORDERED** that, upon release from imprisonment, Defendant shall be placed on supervised release for a term of three years.

**(4)** Defendant is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

**(5)** The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: March 12, 2020

*[Signature]*

Max O. Cogburn Jr
United States District Judge